## GAUL v INDUSTRIAL COMMISSION

Ohio Appeals, 5th Dist, Stark Co

Decided Feb 18, 1933

J. F. Cholley, Canton, for plaintiff in error.

J. W. Bricker, Columbus, R. R. Zurmehly, Columbus, and George N. Graham, Canton, for defendant in error.

LEMERT, J.

These facts relating to the former adjudication were plead as a defense in this action, and upon motion of the Industrial Commission the Common Pleas Court rendered final judgment in favor of the Industrial Commission on the ground that the cause had been litigated. In this case, as in the former case, the facts as alleged by plaintiff below were denied by the defendant and the issues were tried; or in other words, the issue presented itself in the court below and now presents itself to this court: Should the plaintiff in error be allowed the right to prove twice that he was permanently and totally disabled? So,

the question of res adjudicata at once presents itself in the instant case. 34 C.J., 742 provides:

"The doctrine of res adjudicata * * * may be stated as follows: (1) The judgment or decree of a court of competent jurisdiction upon the merits concludes the parties and privies to the litigation and constitutes a bar to a, new action or suit involving the same or any other tribunal. (2) Any right, fact, or matter in issue, and directly adjudicated upon, or necessarily involved in the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties whether the claim or demand, purpose, or subject matter of the two suits is the same or not."

We, therefore, conclude that such a judgment is final not only as to the matters which have been adjudicated in the cause, but to those which might have been adjudicated. If the plaintiff below was not satisfied with the result of his case and felt that it was not properly presented or that the judgment was not a proper one, his remedy was by way of error and not by way of a new cause of action, or, in other words, he cannot keep the benefits of the litigation and then try again to obtain something more by way of a new cause of action on the same issues.

Plaintiff relies upon the provisions of §1465-86, GC, which relates to the continuing power of the Industrial Commission. That this principle does not apply to judgments is shown by the decision of our Supreme Court in the case of State ex Gavalek v Industrial Commission, 100 Oh St 399, wherein it was held that:

"An employe of an employer contributing to the workmen's compensation fund, being denied 'any compensation at all' by the Industrial Commission of Ohio, obtained a judgment in a 'lump sum' on appeal duly prosecuted. No error proceedings were prosecuted by the Commission.

Held: Such judgment although erroneous is not void, and cannot be collaterally attacked by the Commission. The lump sum judgment so rendered must remain as the final determination of the rights of the parties and is not subject to the provisions of §1465-86, GC."

To the same effect we find the decision

of our Supreme Court in the case of **State ex Willys-Overland Co. v Industrial Commission, 112 Oh St 263,** wherein it was held:

"1. When an application is made to the Industrial Commission, pursuant to the provisions of the Workmen's Compensation Act, for an award to cover an injury alleged to have been received by an employee in the course of his employment, and the Industrial Commission rejects the claim, and an appeal from such order is perfected to the Court of Common Pleas, pursuant to the provisions of §1465-90, **GC,** and judgment is rendered against the claimant in that court, such judgment, until vacated or modified by the court entering the same, or reversed or modified by a higher court upon proceedings in error, is a complete and final adjudication against the validity of such claim.

2. When the defendant in such appeal is the employer of the appellant, and the appellant, ignoring the judgment entered against him, seeks a rehearing of his claim before the Industrial Commission, and the Commission, also ignoring the judgment, grants his application, and makes an award in his favor, the employer is entitled to a writ of prohibition from this court restraining further action by the Commission in favor of the appellant."

In this case the Supreme Court specifically held that judgment rendered against a claimant by a court, until vacated or modified by the court entering the same or until reversed or modified by a higher court upon proceedings in error "is a complete and final adjudication against the validity of such claim." While it is true that in the instant case there was not an absolutely negative finding in the former adjudication, but the finding that he was partially disabled, with the issue as it was before the jury, was a finding that he was not permanently and totally disabled.

It is to be noted in the Willys-Overland case, supra, that the court therein says:

"Manifestly, the jurisdiction resting in the Commission by virtue of §1465-86, **GC,** pending on appeal, is only a jurisdiction to be exercised in carrying into effect the final judgment of the court entered on appeal or on error, and such jurisdiction can have no force until set in operation by a remanding of the cause or a certifying of the result in court to the Commission, in order that the judgment as finally entered in court may be carried into execution by the agencies under the command of the Commission in more convenient form than this can be done by the officers of the court entering the judgment."

This court, in an opinion in the case of Hibbs v Industrial Commission, from Tuscarawas County, Ohio, held that the matter submitted was res adjudicata and dismissed the action. Error was prosecuted to the Supreme Court. Motion to certify was overruled.

From a careful review of the record and all authorities submitted in this case, we are of the opinion that the court below was right in sustaining defendant's motion and it therefore follows that the finding and judgment of the Court of Common Pleas will be and the same is hereby affirmed. Exceptions may be noted.

GARVER, PJ, and SHERICK, J, concur.