**MEININGER v INDUSTRIAL COMM**

Ohio Appeals, 5th Dist, Stark Co

No 1467. Decided Oct 10, 1934

John F. Cholly, Canton, for plaintiff in error.

John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Asst. Attorney General, Columbus, and Geo. N. Graham, Prosecuting Attorney, Canton, for defendant in error.

## OPINION

By LEMERT, J.

We are of the opinion that the question herein submitted has been squarely before the Supreme Court of Ohio in two different cases, clearly and fully decided: to-wit, in the case of the **State ex Willys-Overland Co. v The Industrial Commission, 112 Oh St, 263,** and in another case, State ex Davidson v Industrial Commission, wherein the court says:

"The Industrial Commission has no jurisdiction over applications . for compensation that have been appealed to the Court of Common Pleas while such appeal is pending, and no jurisdiction after judgment, except to carry the judgment into execution."

In the case of **Gaul v Industrial Commission, decided by this court, 45 Oh Ap 142, (14 Abs 169),** we held:

"Where compensation claimant on appeal from order denying further compensation from State Insurance Fund claimed permanent total disability and jury found partial disability, judgment on such finding held res adjudicata on subsequent application for further compensation for permanent total disability."

See §§1465-86 and 1465-90, GC.

This question was before this court in the case of Hibbs v Industrial Commission, from Tuscarawas County, wherein we held likewise.

In this case Mr. Meininger is claiming compensation for the same injury which was before the jury for consideration in the former case. If he takes a different position; that is, that there is a new injury and a different cause of action, the question would be barred by virtue of the provisions of §1465-72(a), GC, which provides that all claims shall be barred unless

filed with the Industrial Commission within two years after the date of injury.

So in either event the judgment of the Common Pleas Court is correct and the same is hereby affirmed.

Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.